EXECUTION VERSION

(Riverside/J Equity)

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of this ____ day of October, 2015, by and between Chun Peter Dong ("Dong") in his individual capacity and his representative capacity on behalf of 45 John Lofts LLC (the "Company"); 45J Equity, LLC ("J Equity"); 3839 Holdings LLC ("3839 Holdings"); Kings Park Holdings LLC ("Kings"); Riverside Abstract LLC ("Riverside"); Shaul C. Greenwald ("Greenwald") and Yoel A. Zagelbaum ("Zagelbaum" and collectively with Greenwald, Riverside, 3839 Holdings, Kings and J Equity, the "J Equity Parties"). The parties to this Agreement are referred to as the "Parties" and each individually as a "Party".

RECITALS

A.  This Agreement supersedes that certain Securities Purchase Agreement between Dong and J Equity dated as of April 1, 2015, which Agreement shall be of no further force or effect.

B.  Pursuant to the terms of an operating agreement dated February 28, 2014 of the Company, Dong and Chaim Miller a/k/a Harry Miller ("Miller") are the sole members and managing members of the Company with Dong owning a 32% Interest, and Miller owning a 68% Interest in the Company. Miller has purportedly assigned an aggregate of 41% of his membership interest to Wing Fung Chau ("Chau") and Tu Kang Yang ("Yang") in their

425390-5

F.  Dong previously filed a summons in the StateCourt under the caption <u>Chun Peter Dong, individually and derivatively on behalf of 45 John Lofts, LLC v. Shaul C. Greenwald, Yoel A. Zagelbaum, Riverside Abstract LLC, Old Republic National Title Insurance Company, 3839 Holdings LLC and 45J Equity LLC</u> under Index No. 653063/2015 (the "<u>Riverside Action</u>") which summons has not been served on any of the defendants named in such summons (the "<u>Riverside Parties</u>").

G.  One of the Yang/Chau Investors commenced an action in the State Court captioned <u>Bao Di Liu v. Sprei, et al.</u>, Index No. 156325/2015, relating to certain property located at 3 Mitchell Place, New York, New York 10017 (the "3 Mitchell Place Property"), in which the State Court has temporarily stayed the payment of certain promissory notes (the "Note Payments").

H.  Pursuant to a Monetary Escrow Agreement dated April 1, 2015 between Dong, J Equity and Silverman Shin Byrne & Gilchrest PLLC ("<u>Escrow Agent</u>"), the Escrow Agent received from J Equity and presently has on deposit in its client escrow account the sum of $3,000,000.00 (the "<u>Escrow Fund</u>").

I.  Pursuant to a Document Escrow Agreement dated April 1, 2015 between Dong, J. Equity, Miller, Sam Sprei and the Escrow Agent, (the "Document Escrow Agreement") the Escrow Agent received certain documents executed by such parties which documents are deemed by all such parties, including Dong and J Equity to be of no further force or effect and all of which parties have directed the Escrow Agent to return the executed signature pages for such

425390-5                                            3

documents to the parties who delivered such signature pages to the Escrow Agreement. (The Escrow Agent represents that Miller and Sprei have so instructed the Escrow Agent and have agreed that such documents shall be of no further force or effect).

J.  Dong shall execute and deliver to the Escrow Agent a discontinuance of the Riverside Action with prejudice, in the form attached hereto as **Schedule A** (the "Dong Discontinuance").

K.  On or before July 1, 2016, upon (i) approval by the Bankruptcy Court of a global settlement agreement incorporated within a plan of reorganization (the "Plan") in the Debtor's bankruptcy case and confirmation of said Plan by the Bankruptcy Court, pursuant to which Riverside shall be entitled to receive 15% of the proceeds of sale of the John Street Property in excess of $80 million (the "Bankruptcy Court Approval"); and (ii) the delivery to the J Equity Parties and Riverside Parties of releases from Dong, the Company, the Debtor, Chaim Miller, Sam Sprei, the Yang/Chau Investors and Madison Realty Capital in the form of release annexed hereto as **Schedule B** (the "Riverside Releases") the Escrow Agent shall release the Escrow Fund to Dong and shall deliver the Dong Discontinuance to the Riverside Parties. If any of (i)) or (ii) above does not occur on or before July 1, 2016, the Escrow Agent shall immediately return the Escrow Fund to J Equity pursuant to wire instructions to be provided by counsel for the J Equity Parties and this Agreement shall thereupon be of no further force or effect.

L.  The Parties hereto and the Escrow Agent shall execute an Amended and Restated Escrow Agreement dated as of the date hereof in the form annexed hereto as **Schedule C**.

425390-5                                                                    4

NOW, THEREFORE, in consideration of the mutual covenants herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows:

1. The Recitals set forth above are incorporated in and made part of this Agreement.

2. Upon execution of this Agreement;

    (a) Dong shall execute the Dong Discontinuance and deliver the same to the Escrow Agent (**Schedule A**);

    (b) Each of the Parties hereto shall execute the Amended and Restated Escrow Agreement. (**Schedule C**)

3. <u>Termination of Prior Agreement</u>. This Settlement Agreement supersedes the April 1, 2015 Securities Purchase Agreement and the April 1, 2015 Document Escrow Agreement neither of which Agreements shall be of any further force or effect.

4. <u>Miscellaneous Provisions</u>.

    4.1 <u>Notices</u>. Any notice required by the provisions of this Agreement will be in writing and will be deemed effectively given: (i) upon personal delivery to the Party to be notified; (ii) when sent by confirmed facsimile, email or PDF transmission if sent prior to 5:00

425390-5                                         5

16-12043-shl    Doc 56-6    Filed 02/09/17    Entered 02/09/17 16:14:35    Exhibit E: Settlement Agreement with Debtor and Riverside - excerpts    Pg 5 of 8

16-12043-shl    Doc 36-4    Filed 10/11/16    Entered 10/11/16 10:34:21    Exhibit 4    Pg 8 of 12

To the J Equity Parties

c/o Riverside Abstract LLC

3839 Flatlands Avenue

Suite 208

Brooklyn, NY 11234

Attn: Shaul C. Greenwald

sgreenwald@rsabstract.com


With a copy to:

Zelmanovitz & Associates PLLC

1211 Avenue of the Americas, 40th Floor

New York, New York 10036

Attn: Menachem O. Zelmanovitz

Mendy@zelmlaw.com


4.2    Binding Agreement. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective permitted successors, heirs, legal representatives and assigns.

4.3    Entire Agreement. This Agreement constitutes the entire agreement and understanding among the Parties hereto in respect of the transactions contemplated hereby and supersede all prior agreements, arrangements and understandings relating to the subject matter hereof and thereof.

4.4     Amendments; Consents; Waivers. This Agreement may not be modified or amended without the express written authorization of the Party(ies) against whom the modification or amendment is sought to be enforced. Each Party may, at its option, waive in writing any and all conditions herein contained to which its obligations hereunder are subject. The failure of a Party to enforce any of the provisions of this Agreement shall not be construed as a waiver of any provision of this Agreement, or of the right of such Party to thereafter enforce each and every provision of this Agreement.

4.5     Counterparts; Signatures by Facsimile. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. This Agreement, once executed by a Party, may be delivered to the other Parties hereto by fax, PDF or email transmission of a copy of this Agreement bearing the signature of the Party so delivering this Agreement. A faxed, PDF or email signature shall have the same legally binding effect as an original signature.

4.6     Representation of the Parties. Each Party hereby stipulates that he, she or it has been advised to seek review of this document by legal counsel of his, her or its choosing. This Agreement is the result of negotiations between and has been reviewed by the parties hereto; accordingly, this Agreement shall be deemed to be the product of the parties hereto, and no ambiguity shall be construed in favor of or against any Party. By executing this Agreement, each Party hereto acknowledges and agrees that he, she or it has voluntarily entered into the agreements, terms and conditions of this Agreement and will abide by all such agreements, terms

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the day and year first written above.

_____
Chun Peter Dong

45 John Lofts/TN

By: _____

Chun Peter Dong  MANAGER

Riverside Abstract LLC

By: _____

45 J Equity LLC

By: _____

_____

_____

3839 Holdings LLC

By: _____

_____

Kings Park Holdings LLC

By: _____

_____
Shaul C. Greenwald

425390-5                                    10

_____
Yoel A. Zagelbaum

Silverman Shin Byrne & Gilchrest PLLC as Escrow Agent

By: _____
Peter R. Silverman, Esq.